Filed 11/23/21 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDGAR ALEJANDRO FARFAN,<br><br>    Defendant and Appellant. | B309786<br><br>(Los Angeles County<br>Super. Ct. No. TA136699)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on November 19, 2021, be modified as follows:

1. On page 3, after the second full paragraph, the opinion is modified to add the following four paragraphs:

We also find no merit to appellant's claim that he has a constitutional right to a new jury determination that he was a major participant who acted with reckless indifference to human life under *Banks* and *Clark* before his section 1170.95 petition may be denied. A jury has already made that determination. When appellant's jury found the

felony-murder special circumstance true, it necessarily found beyond a reasonable doubt that appellant either acted with intent to kill or was a major participant in the robbery who acted with reckless indifference to human life as those concepts were explained in *Banks* and *Clark*. (See *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*).)

Moreover, in his direct appeal from the conviction, appellant challenged the jury's special circumstance finding on substantial evidence grounds. We rejected the challenge, holding, "Under the framework established by our Supreme Court in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), we find sufficient evidence to show that defendants acted with reckless indifference to human life and thus sufficient evidence to support the true finding on the felony-murder special-circumstance allegation." (*Farfan I, supra,* B277516.)

The mere filing of a section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, "[n]othing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding. . . . The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a

do-over on factual disputes that have already been resolved." (*Allison*, *supra*, 55 Cal.App.5th at p. 461.)

Finally, a petitioner is not entitled to a jury trial at any point in the section 1170.95 process. Indeed, courts have uniformly held that section 1170.95 does not implicate the Sixth Amendment right to a jury trial. (See, e.g., *People v. James* (2021) 63 Cal.App.5th 604, 608, 609, and cases cited.)

2. On page 14, the citation to *People v. Allison* in the second full paragraph is changed to read: *Allison*, *supra*, 55 Cal.App.5th at p. 457.

There is no change in the judgment.

Appellant Edgar Alejandro Farfan's petition for rehearing is denied.

LUI, P. J.          CHAVEZ, J.          HOFFSTADT, J.

3

Filed 11/19/21 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B309786 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA136699) |
| v. | |
| EDGAR ALEJANDRO FARFAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael J. Shultz, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Edgar Alejandro Farfan appeals the summary denial of a petition for resentencing under Penal Code[1] section 1170.95.

Appellant was convicted in 2016 of the first degree murder of Kamell Heno (§ 187, subd. (a); count 1), kidnapping to commit another crime (§ 209, subd. (b)(1); count 2), and robbery (§ 211; count 3).  The jury found true the special circumstance allegation that the murder was committed while appellant was engaged in the commission of a robbery.  (§ 190.2, subd. (a)(17).)  The trial court sentenced appellant to life without the possibility of parole on count 1, plus five years for the robbery conviction.  (*People v. Farfan* (Feb. 8, 2018, mod. Mar. 2, 2019, B277516) [nonpub. opn.] (*Farfan I*).)  This court affirmed the judgment on appeal.  (*Ibid.*)

In January 2019, appellant filed a petition for recall and resentencing under section 1170.95 (the "2019 petition").  Without appointing counsel, the superior court summarily denied the petition on January 28, 2019, on the grounds that the jury was not instructed on the natural and probable consequences doctrine and the jury's true finding on the special circumstance allegation precludes relief under section 1170.95 as a matter of law.  On May 17, 2019, the superior court modified its January 28, 2019 memorandum of decision with a summary of this court's analysis and rejection of petitioner's substantial evidence challenge to the special circumstance finding under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

Appellant did not appeal the superior court's order, but filed a second petition for section 1170.95 relief on September 16, 2020 (the "2020 petition").  On September 29, 2020, appellant

---

[1] Undesignated statutory references are to the Penal Code.

2

filed a motion for reconsideration of the denial of his 2019 petition. The superior court denied both the motion for reconsideration and the 2020 petition on October 19, 2020, and appellant appealed.

As a preliminary matter, we reject respondent's contention that the second 1170.95 petition from which this appeal arises is procedurally barred as a successive petition. In the 2020 petition, appellant cited new legal authority which undermined the basis for the superior court's denial of the 2019 petition. Neither the express language of section 1170.95 nor the stated purpose of the legislation supports limiting access to relief under section 1170.95 as advocated by respondent where, as here, the subsequent petition rested on new legal authority which challenged the basis for the superior court's summary denial of the previous petition.

Turning to the merits of the appeal, we conclude that because appellant filed a facially sufficient section 1170.95 petition, the superior court erred in denying the petition without first appointing counsel. (See *People v. Lewis* (2021) 11 Cal.5th 952, 967, 970 (*Lewis*).) The error, however, was harmless. (*Id*. at pp. 970–972, 974–975.) In finding the felony-murder special circumstance true, the jury necessarily found appellant either acted with intent to kill or was a major participant in the robbery who acted with reckless indifference to human life. This finding establishes that appellant is ineligible for section 1170.95 relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 746–747, 749, review granted Sept. 1, 2021, S270048 (*Simmons*).)

3

## FACTUAL BACKGROUND[2]

Kamell Heno was employed as a delivery driver for Cartons to Go, a company that bought and sold cigarettes. On December 4, 2014, Heno was scheduled to deliver cigarettes worth $217,000 to Cartons to Go in LaVerne. That morning, driving a large white box truck, Heno picked up the cigarettes from Giant Wholesale in Sunland and Costco in Burbank, but he never arrived in LaVerne.

Around 3:30 that afternoon, Heno's truck was discovered parked on the 10200 block of South Grand Avenue in the city of Los Angeles. Only about 10 percent of the cigarettes Heno had collected that morning remained in the truck's cargo area. Heno was found on the floor of the truck with a red stained cloth covering his head. His face was wrapped in duct tape, which covered his eyes and mouth. He had two projectile head wounds from a BB gun in addition to multiple abrasions, lacerations, and bruises on his head, neck, and upper extremities. Heno was pronounced dead at the scene. An autopsy indicated the cause of death to be asphyxiation.

Prior to December 4, appellant, his brother Josue Farfan (Josue), and Josue's wife, Jennifer Medina, agreed to rob a delivery truck of its cargo of cigarettes. In accordance with the plan, on the morning of December 4, appellant drove Medina and Josue in his SUV to Cigar Cartel, where they parked and waited until the white box truck driven by Heno pulled out. Appellant

---

[2] The facts of the underlying offenses are summarized from our unpublished opinion in the direct appeal, of which we have taken judicial notice. (*Farfan I*, *supra*, B277516; Evid. Code, §§ 451, 459.)

4

followed the truck as it picked up its cargo. When the truck left Costco, appellant followed it onto the freeway and hit Heno's truck with his SUV to force it to stop.

The truck pulled over, and Heno got out. Appellant exited the SUV carrying a BB gun and shoved Heno into the passenger side of the truck. Josue got into the truck and the brothers drove away with Heno while Medina followed in the SUV. Eventually, the truck exited the freeway, drove into a neighborhood and parked. Appellant, Josue, and Medina filled the SUV with cigarettes from the truck and drove away, leaving Heno in the cab of his truck.

## DISCUSSION

### I. Appellant's Second Petition for Relief Under Section 1170.95 Is Not Procedurally Barred as a Successive Petition

Respondent contends that the section 1170.95 petition appellant filed in 2020, which is the basis of this appeal, is procedurally barred as a successive petition. We disagree.

As California courts have grappled with the interpretation and application of section 1170.95's procedures for obtaining resentencing relief since the legislation took effect on January 1, 2019, various splits of authority have emerged on several issues. Among those issues are three presented in the instant appeal: (1) May the superior court consider the record of conviction in determining whether the petitioner has made a prima facie showing of eligibility for relief under section 1170.95, subdivision (c)? (Yes.) (2) May the superior court summarily deny a facially sufficient petition for failure to make the prima facie showing without first appointing counsel? (No.) And (3) Does a jury's felony-murder special circumstance finding

under section 190.2, subdivision (a)(17) preclude a prima facie showing of eligibility under section 1170.95, subdivision (c)?  The California Supreme Court has answered the first two questions in *Lewis*, *supra*, 11 Cal.5th at pages 957, 967, 970, 972, but the third issue remains pending before the Supreme Court in *People v. Strong*, review granted March 10, 2021, S266606 (*Strong*) ["Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?"] (<https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScr een.cfm?dist=0&doc_id=2339000&doc_no=S266606&request_toke n=NiIwLSEmTkw6WyBRSCM9TEhIMFQ0UDxTJSM%2BXzpSU CAgCg%3D%3D> [as of May 26, 2021], archived at <https://perma.cc/P8YS-L3CV>.)

Appellant's 2019 petition was facially sufficient and thus triggered the requirement that a request for appointment of counsel be honored before the superior court may consider the record of conviction to determine whether the appellant made a prima facie showing of eligibility for relief.  (*Lewis*, *supra*, 11 Cal.5th at p. 957.)  Appellant's subsequent petition was also facially sufficient and should also have prompted the appointment of counsel.  Furthermore, appellant's 2020 petition cited three appellate decisions issued after the superior court's summary denial of the 2019 petition:  *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954 (*York*); *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*); and *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011

6

(*Torres*).  Reflecting the still-evolving state of 1170.95 jurisprudence, these cases held, among other things, that a jury's pre-*Banks* and *Clark* felony-murder special circumstance finding does not, by itself, preclude a defendant from showing that he or she could not now be convicted of first or second degree murder as redefined by Senate Bill No. 1437.  (*York*, at pp. 260–261, rev.gr.; *Smith*, at p. 93, rev.gr.; *Torres*, at p. 1179, rev.gr.; see also *People v. Gonzalez* (2021) 65 Cal.App.5th 420, 431, review granted Aug. 18, 2021, S269792 (*Gonzalez*); *People v. Harris* (2021) 60 Cal.App.5th 939, 956, review granted Apr. 28, 2021, S267802 (*Harris*).)

Respondent asserts that "successive section 1170.95 petitions are generally barred by the doctrine of collateral estoppel," but acknowledges that section 1170.95 contains no express bar to successive petitions.  In our view, application of collateral estoppel to bar consideration of appellant's 2020 petition would thwart Senate Bill No. 1437's overall purpose of ensuring that "a person's sentence is commensurate with his or her individual criminal culpability" (see *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*); *Lewis*, *supra*, 11 Cal.5th at p. 971), and that "all those entitled to resentencing are able to obtain relief" (*Lewis*, at p. 968).  This is especially true in this case, where the superior court never appointed counsel even though appellant filed two facially sufficient petitions.  (See *Lewis*, at p. 957 ["the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition"].)

Application of collateral estoppel is not automatic, but is subject to public policy considerations.  (*Lucido v. Superior Court*

7

(1990) 51 Cal.3d 335, 342–343.) As our Supreme Court has explained, "[T]he public policies underlying collateral estoppel— preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy." (*Id.* at p. 343.) In this case, none of these public policy considerations favors application of collateral estoppel to bar appellant's 2020 petition. (See *Lewis*, *supra*, 11 Cal.5th at p. 967 ["Appointing counsel to assist a petitioner in navigating these complex theories, upon the filing of a facially sufficient petition, promotes the reliability of section 1170.95's petitioning process and thereby advances Senate Bill 1437's stated purpose"].)

Respondent also analogizes to the general rule in habeas corpus procedure that a "court will not consider repeated applications for habeas corpus presenting claims previously rejected" (*In re Clark* (1993) 5 Cal.4th 750, 767) to argue that appellant's petition is barred. But the general rule does not apply in habeas proceedings when there has been a retroactive change in the law affecting the petitioner. (*In re Martinez* (2017) 3 Cal.5th 1216, 1222.) As our Supreme Court explains, a change is retroactive when it "is substantive rather than procedural (i.e., it alters the range of conduct or the class of persons that the law punishes, or it modifies the elements of the offense) or when a judicial decision undertakes to vindicate the original meaning of the statute." (*Ibid.*)

Under this standard, not only are the changes to the law effected by Senate Bill No. 1437 themselves retroactive, but judicial interpretations of section 1170.95 may afford a petitioner

8

grounds for claiming eligibility for relief under the statute that were not previously available under other judicial interpretations. Here, because appellant's 2020 petition was based on new authority which challenged the primary ground for the superior court's summary denial of his 2019 petition, the 2020 petition was not procedurally barred as a successive petition. (See *In re Clark*, *supra*, 5 Cal.4th at p. 767 ["It has long been the rule that *absent a change in the applicable law* or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected," italics added]; *In re Richards* (2016) 63 Cal.4th 291, 294, fn. 2 ["Because of the change in the applicable law concerning the definition of false evidence, the petition is not subject to the procedural bar of successiveness"].)

## II. Because the Jury Found the Robbery-murder Special Circumstance True, Appellant Is Ineligible for Relief Under Section 1170.95 as a Matter of Law

### A. *Applicable legal principals*

The Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Gentile*, *supra*, 10 Cal.5th at p. 842; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).)

Prior to the enactment of Senate Bill No. 1437, "a defendant who intended to commit a specified felony could be

9

convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state" under the felony-murder rule. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247–248; *People v. Powell* (2018) 5 Cal.5th 921, 942.) Similarly, under the natural and probable consequences doctrine, a defendant was "liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense." (*Lamoureux*, at p. 248.)

In order to ensure that a person's sentence is commensurate with his or her criminal culpability (*Lewis*, *supra*, 11 Cal.5th at p. 971), the Legislature substantively amended sections 188 and 189, and added section 1170.95 (*Gentile*, *supra*, 10 Cal.5th at pp. 842–843). Section 1170.95 affords persons previously convicted of murder under a felony murder or natural and probable consequences theory a procedure by which to seek resentencing if they could no longer be convicted under the law as amended. (*Lewis*, at pp. 957, 959; *Gentile*, at p. 843; *Martinez*, *supra*, 31 Cal.App.5th at pp. 722–723.)

Subdivision (a) of section 1170.95 sets forth the requirements for a facially sufficient petition. The petitioner must aver that (1) the charging document "allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "petitioner was convicted of first or second degree murder"; and (3) "petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); *Lewis*, *supra*, 11 Cal.5th

10

at pp. 959–960.)  "Subdivision (b) in turn 'describes where and how the petition must be filed and specifies its required content,' including a declaration by the petitioner that he or she 'is eligible for relief according to the criteria set out in subdivision (a).' " (*People v. Clayton* (2021) 66 Cal.App.5th 145, 152.)  "If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)"  (*Lewis*, at p. 960.)

When a petition for resentencing under section 1170.95 meets the requirements of subdivisions (a) and (b), the superior court "proceeds to subdivision (c)[3] to assess whether the petitioner has made 'a prima facie showing' for relief.  (§ 1170.95, subd. (c).)"  (*Lewis*, *supra*, 11 Cal.5th at p. 960.)  At this stage, the superior court must accept briefing from the parties before making its prima facie determination of eligibility.  (*Id.* at pp. 957, 971.)

After the superior court's summary denial of the 2020 petition in this case, our Supreme Court resolved a split of authority in the appellate courts, holding that the petitioner is entitled to the appointment of counsel, if requested, upon the filing of a facially sufficient petition, that is, one that makes the necessary averments, without regard to his or her eligibility for relief.  (*Lewis, supra*, 11 Cal.5th at p. 957.)  *Lewis* further held that section 1170.95 contemplates one prima facie review, not

---

**3** Section 1170.95, subdivision (c) provides in relevant part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

11

two, and does not permit summary denial of the petition based on a petitioner's ineligibility prior to the appointment of counsel. (*Id.* at pp. 957, 961–963.)  Finally, only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner makes a prima facie showing that he or she is entitled to relief.  (*Id.* at pp. 970–971.)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  In reviewing any part of the record to make its preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved, the superior court does not engage in factfinding and must take petitioner's factual allegations as true.  (*Id.* at pp. 971–972.)  *Lewis* further cautioned that although it is generally considered to be part of the record of conviction, "the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id.* at p. 972, quoting *People v. Woodell* (1998) 17 Cal.4th 448, 457.)  Thus, only " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," ' " is the superior court " ' "justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971.)

**B.** *The superior court erred in failing to appoint counsel, but the error was harmless in light of the jury's true finding on the robbery-murder special circumstance allegation*

Appellant's 2020 petition for resentencing met the requirements for facial sufficiency and he requested counsel. *Lewis* therefore dictates our conclusion that the superior court erred in its summary denial of appellant's petition without first appointing counsel and accepting briefing from the parties.

Nevertheless, we conclude the error was harmless.

By adding subdivision (e) to section 189, Senate Bill No. 1437 made the crime of felony murder subject to the same elements of proof required for a special circumstance finding under section 190.2, subdivision (d).[4] (*People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 907 [" 'the standard under section 189, subdivision (e)(3) for holding a defendant liable for felony murder is [now] the same as the standard for finding a special circumstance under section 190.2[, subdivision ](d), as the former provision expressly incorporates the latter' "]; *In re Taylor* (2019) 34 Cal.App.5th 543, 561.) Specifically, to be convicted of

---

[4] Subdivision (d) of section 190.2 remains the same today as in 2016 when appellant was convicted: "[E]very person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

first degree murder under section 189 as amended, a participant in one of the felonies enumerated in subdivision (a) must have been the actual killer, *or* a direct aider and abettor who acted with the intent to kill, *or* "a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Here, appellant's jury was instructed pursuant to CALCRIM No. 703 that if it found appellant was not the actual killer, it could not find the robbery-murder special circumstance true unless it was satisfied beyond a reasonable doubt that appellant intended to kill *or* he was a *major participant* in the crime, *and*, when he participated in the crime, *he acted with reckless indifference to human life*. The jury was further instructed that "[a] person acts with reckless indifference to human life when he or she knowingly engages in criminal activity that he or she knows involves a grave risk of death."

In order to obtain relief from his or her felony murder conviction under section 1170.95, a petitioner must make a prima facie showing that he or she "*could not* be convicted of first or second degree murder *because of* changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3), italics added; *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*); *People v. Nunez* (2020) 57 Cal.App.5th 78, 90, review granted Jan. 13, 2021, S265918 (*Nunez*).) But the jury's special circumstance finding in this case means it necessarily found beyond a reasonable doubt that appellant either had the intent to kill *or* he was a major participant in the robbery who acted with reckless disregard for human life. Accordingly, the jury's true finding on the special circumstance establishes appellant is ineligible for section 1170.95 relief as a matter of law. (See

14

*Allison*, *supra*, 55 Cal.App.5th at pp. 460–462; *Simmons*, *supra*, 65 Cal.App.5th at pp. 747, 749, rev.gr.)

As noted above, appellate courts are split on the question of whether a pre-*Banks* and *Clark* special circumstance finding makes a petitioner ineligible for section 1170.95 relief as a matter of law, and the issue is on review before our Supreme Court. (See *Strong*, *supra*, (S266606, rev.gr.).) While some courts have concluded that such a finding does not, by itself, make a petitioner ineligible for relief (see, e.g., *Gonzalez*, *supra*, 65 Cal.App.5th at p. 431, rev.gr.; *Harris*, *supra*, 60 Cal.App.5th at p. 956, rev.gr.; *York*, *supra*, 54 Cal.App.5th at pp. 260–261, rev.gr.; *Smith*, *supra*, 49 Cal.App.5th at p. 93, rev.gr.; *Torres*, *supra*, 46 Cal.App.5th at p. 1179, rev.gr.), the majority of courts have held that a felony-murder special circumstance precludes section 1170.95 relief as a matter of law (see, e.g., *Simmons*, *supra*, 65 Cal.App.5th at pp. 747, 749, rev.gr.; *People v. Jones* (2020) 56 Cal.App.5th 479, 478–479, review granted Jan. 27, 2021, S265854; *Nunez*, *supra*, 57 Cal.App.5th at p. 90, rev.gr.; *Allison*, *supra*, 55 Cal.App.5th at pp. 460–462; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14–15, 17, review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141, review granted Oct. 14, 2020, S264284; *People v. Murillo* (2020) 54 Cal.App.5th 160, 168, review granted Nov. 18, 2020, S264978). The conflict in these cases is not relevant to our conclusion that the felony-murder special circumstance finding bars section 1170.95 relief in this case, however.

The issue resolved in all of these cases and pending before our Supreme Court in *Strong* is whether a special circumstance finding made *before Banks* and *Clark* precludes 1170.95 relief as a matter of law. But here, the special circumstance finding was

15

made *after*, not before *Banks* and *Clark* were decided.[5]  Although
appellant's jury was not instructed with the *Banks* and *Clark*
factors, we have observed that "our Supreme Court has not
required that juries be instructed on the clarifications, and in the
wake of *Banks* and *Clark*, no mandatory language or material
changes were made to the CALCRIM special circumstance
instructions."  (*Nunez*, *supra*, 57 Cal.App.5th at p. 92, rev.gr.;
*Allison, supra*, 55 Cal.App.5th at p. 458; see CALCRIM No. 703
(2021 ed.).)  Instead, CALCRIM No. 703 now includes a list of the
*Banks* and *Clark* factors which may be given in the trial court's
discretion.  (*Nunez*, at p. 92 [language drawn from *Banks* and
*Clark* regarding the factors a jury may consider is optional];
*Allison*, at pp. 458–459; *People v. Price* (2017) 8 Cal.App.5th 409,
450–451 [jury instructions that omit the *Banks* and *Clark* factors
are not defective]; see Bench Notes to CALCRIM No. 703 (2021
ed.).)

      Thus, even though appellant's jury was not instructed with
the *Banks* and *Clark* factors, this case falls outside the split of
authority to be resolved by our Supreme Court in *Strong*.  The
jury's robbery-murder special circumstance finding constitutes a
valid finding beyond a reasonable doubt that appellant had the
intent to kill or was a major participant in the robbery who acted
with reckless disregard for human life, and that finding makes
appellant ineligible for relief under section 1170.95 as a matter of
law.

---

[5] The jury returned its verdict on July 26, 2016,
approximately one year after *Banks,* and one month after *Clark*
came down.

In *Lewis*, our Supreme Court held the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra*, 11 Cal.5th at pp. 957–958, 973.) *Lewis* further held that any error in summarily denying a section 1170.95 petition may be harmless unless the petitioner can show " ' "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.)

Because the jury's felony-murder special circumstance finding precludes relief under section 1170.95 as a matter of law, appellant cannot carry his burden of showing a reasonable probability that the outcome of the proceeding would have been any different had the superior court appointed counsel and received briefing. We therefore conclude that the superior court's error in summarily denying the 2020 petition without first appointing counsel was harmless. (*Lewis, supra*, 11 Cal.5th at p. 974.)

**C. *Appellant is not entitled to relief under section 1170.95 based on the natural and probable consequences instructions given in connection with the uncharged conspiracy to commit robbery***

Appellant contends the instructions given allowed the jury to convict appellant of first degree felony murder as an aider and abettor under two alternative theories: "traditional" felony murder and felony murder based on appellant's participation in an uncharged conspiracy to commit robbery. With regard to the latter theory, the jury was instructed that if death was a natural and probable consequence of the conspiracy's target offense of

17

robbery, then any member of the conspiracy who intended that a member of the conspiracy commit the robbery could be convicted of first degree felony murder. (CALCRIM Nos. 417, 540B.) The general verdicts did not indicate whether the jury found appellant to be the actual killer. Moreover, the verdicts did not specify the theory upon which the murder conviction was predicated—"traditional" felony murder, or the prosecution's alternate theory of an uncharged conspiracy to commit robbery, which embraced the doctrine of natural and probable consequences. Thus, according to appellant, there is no way to ascertain from the record which theory formed the basis for the jury's first degree murder verdict. And because the jury was misdirected on an alternate theory of first degree felony murder that incorporated the natural and probable consequences doctrine, appellant maintains that the matter must be reversed and remanded for issuance of an order to show cause and an evidentiary hearing in accordance with section 1170.95, subdivisions (c) and (d). (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, 442–443.)

Appellant's argument might have merit were it not for the jury's true finding on the felony-murder special circumstance in this case. While it is true (contrary to the superior court's conclusion) that appellant's jury was instructed on an alternate uncharged conspiracy theory which incorporated natural and probable consequences principles, the jury's special circumstance finding demonstrates that appellant's murder conviction was not predicated on any theory of derivative liability. Indeed, as set forth above, viewing the jury's true finding on the felony-murder special circumstance in light of CALCRIM No. 703 establishes that the jury found, beyond a reasonable doubt, that if appellant

18

was not the actual killer, he had the intent to kill *or* was a major participant in the robbery who acted with reckless disregard for human life.  This finding simply leaves no room for speculation that the jury might have relied on the alternate uncharged conspiracy theory and natural and probable consequences to convict appellant of murder.

The superior court correctly determined that appellant is ineligible for section 1170.95 relief as a matter of law by virtue of the jury's felony-murder special circumstance finding.  Accordingly, the superior court's misreading of the record of conviction with respect to the natural and probable consequences doctrine in denying appellant's petition is immaterial.  (*People v. Hopson* (2017) 3 Cal.5th 424, 459 ["a ruling will not be disturbed on appeal merely because it was given for a wrong reason, if the ruling would otherwise be correct ' " 'upon any theory of the law applicable to the case,' " ' and ' " 'regardless of the considerations which may have moved the trial court to its conclusion' " ' "].)

## DISPOSITION

The superior court's order denying relief under Penal Code section 1170.95 is affirmed.

CERTIFIED FOR PUBLICATION.


                                    LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.